**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-2135**

_____

REBECCA MCPHEE; KATIE SHOOK; IRIS TIRADO, individually and on behalf of all other similarly situated individuals,

Plaintiffs - Appellants,

v.

LOWE'S HOME CENTERS, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:20-cv-00010-KDB-DSC)

_____

Submitted: June 3, 2021                              Decided: June 17, 2021

_____

Before AGEE and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David R. Parker, SOMMERS SCHWARTZ PC, Southfield, Michigan, for Appellants. Adam K. Doerr, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina; Jason C. Schwartz, Greta B. Williams, Molly T. Senger, Naima L. Farrell, Alex Bruhn, GIBSON DUNN & CRUTCHER LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants--non-exempt, hourly employees of Lowe's—appeal from the district court's order adopting the report and recommendation of the magistrate judge and granting Lowe's motion to dismiss Appellants' suit claiming *inter alia* violations of the Fair Labor Standards Act (FLSA), 28 U.S.C. §§ 201-219. On appeal, Appellants argue that their complaint properly stated claims that tax reform bonus payments and payments for hours volunteered for third-party non-profits were wrongly excluded from their "regular rate" for overtime purposes. We affirm.

I.

On or about February 1, 2018, Lowe's publicly announced that it would pay a one-time bonus of up to $1,000 to over 260,000 full- and part-time hourly employees in response to recent federal tax-reform legislation. As reflected in a press release announcing the bonus, "Lowe's . . . award[ed] the one-time cash bonus to eligible full- and part-time hourly employees across all its U.S. facilities." Lowe's paid the tax-reform bonus to its hourly employees on February 16, 2018, 15 days after publicly announcing the bonus. The amount each hourly employee received—ranging from $75 to $1,000—was determined based on two factors: whether the employee was part-time or full-time and the number of years he or she had worked for Lowe's.

In 2016, Lowe's implemented a Give Back Time policy that provided eligible employees with paid leave to spend time volunteering with charitable organizations of their choice. The policy states that employees have "eight (8) hours of Give Back Time to use in [their] community so that [they] can make an impact in areas that are important to

2

[them]." To be eligible for Give Back Time, employees must be active, regular, full-time employees with one year of continuous service at Lowe's. Lowe's encourages employees to use Give Back Time during their workweeks to volunteer with "any 501(c)(3) non-profit organization" they select (subject to limited exceptions). Lowe's compensates hourly employees who use approved Give Back Time at 100% of their hourly base rate of pay, but the policy expressly provides that Give Back Time is not used in calculating overtime hours. Employees are not required to volunteer, and any employee that chooses to volunteer is not required to volunteer for any specific charitable organization.

## II.

We review de novo a district court's dismissal for failure to state a claim, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the nonmoving party's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.,* 684 F.3d 462, 467 (4th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

3

The FLSA requires that employers compensate their employees who work in excess of forty hours per week at a rate one and a half times the regular rate at which they are employed. 29 U.S.C. § 207(a)(1). Pursuant to the plain text of the FLSA, the regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). The statute includes a list of exceptions to this rule, see § 207(e)(1)-(e)(8), but the list of exceptions is exhaustive, the exceptions are to be interpreted narrowly against the employer, and the employer bears the burden of showing that an exception applies. *O'Brien v. Town of Agawam,* 350 F.3d 279, 294 (1st Cir. 2003).

III.

Appellants first argue that the tax reform bonus payment was wrongly excluded from their regular rate. The district court held that the payments were properly excluded as either gifts or discretionary bonuses. Among excludable payments are "sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency." 29 U.S.C. § 207(e)(1). If a payment is "geared to wages and hours during the bonus period," it is not considered a gift. Likewise, if a payment is so substantial that "it can be assumed that employees consider it a part of the wages for which they work," the bonus is not a gift. 29 C.F.R. § 778.212(b). However, special occasion bonuses (like a Christmas bonus) can be excluded even if "employees are led to expect it and even though the amounts paid to different employees . . . vary with the amount of the salary or regular hourly rate of such employees or according to the length of

4

their service . . . so long as the amounts are not measured by or directly dependent upon hours worked, production, or efficiency." 29 C.F.R. § 778.212(c).

Discretionary bonuses are also excludable. 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.208. However, bonuses that are explicitly promised to employees must be included in the employees' regular rate. 29 C.F.R. § 778.211(b) (any bonus paid pursuant to contract must be included). In order to be excluded, "the employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid." *Id.* "If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it." *Id.*

The plain language of the statutes and regulations supports the district court's conclusion that the payments at issue were excludable as either gifts or discretionary bonuses. The payments were given in honor of a special occasion (passage of tax reform), they were not made pursuant to a contract or other agreement, they were not based upon the hours or wages of the employees, and they were not so substantial as to have been relied upon. Instead, the only requirement to receive the bonuses was being an employee of Lowe's, and the payments varied based only on years with the company and part- or full-time status.

On appeal, Appellants argue first that the bonus payments were non-discretionary retention bonuses, because Lowe's announced the bonuses in order to induce employees to remain with the company. *See* 29 C.F.R. § 778.211(c) ("[B]onuses contingent upon the employee's continuing in employment until the time the payment is to be made . . . must be included in the regular rate of pay). Appellants are essentially arguing that Lowe's

5

publicly announced the bonuses in order to retain its employees for the two weeks between the announcement and the payment. However, Appellants have provided no reason why this 2-week retention period in February 2018 would have been of importance to Lowe's or any other factual allegation supporting their assertion that these payments were retention payments. Moreover, the time period of retention is too brief to construe the payment as a longevity bonus. *See U.S. Dep't of Labor Opinion Letter*, FLSA 2020-4, 2020 WL 1640073, at \*3 (noting that requiring a year of continued employment after announcement to receive bonus rendered the bonus a non-discretionary longevity payment, but requiring only "a single pay period" of work to receive bonus did not transform discretionary payment to non-discretionary). In any event, any "promise" by Lowe's would only be relevant to the determination of whether the bonuses were discretionary or non-discretionary; an announcement of intent to pay a bonus "would not prevent the bonus from being excludable as a gift." *Id.* at n.2.

Next, Appellants assert that the payments were not "gifts," because the passage of tax reform is not a "special occasion." We conclude that passage of tax reform constitutes a special occasion in this instance, as it was a particularly noteworthy event. Moreover, gifts are not required under the statute to be given on a "special occasion"; instead, the statute simply states "sums paid as gifts" prior to giving the special occasion example. *See Moreau v. Klevenhagen*, 956 F.2d 516, 521 (5th Cir. 1992) (holding that monthly payments given for no other purposes than to reward service are gifts); *see also Shiferaw v. Sunrise Senior Living,* No. LA cv13-02171-JAK, 2016 WL 6571270, \*26-\*27 (C.D. Cal. Mar. 21,

6

2016) (finding long term service awards payable on anniversaries of hiring were excludable as gifts). Accordingly, the district court properly dismissed this claim.

IV.

Appellants next contend that the district court improperly held that the payments to them for hours worked pursuant to the Give Back Time program were excludable from the calculation of Appellants' hours for overtime purposes under 29 U.S.C. § 207(e)(2) (excluding "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause"). On appeal, Appellants assert that their volunteer hours were "work" and, therefore, not excludable. In support, Appellants essentially contend that they pled that the hours were work and that is sufficient to avoid dismissal.

The FLSA does not define "work." *Roy v. Cty. of Lexington*, 141 F.3d 533, 544 (4th Cir. 1998). However, the Supreme Court has concluded that work is "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014). In other words, the "critical question" in determining whether an activity constitutes work under the FLSA is whether it "is spent predominantly for the employer's benefit or for the employee's." *Roy*, 141 F.3d at 544 (internal quotation marks and citation omitted).

Here, Appellants did not plead any facts tending to show that their volunteer work for third-party non-profits was for the primary benefit of Lowe's. Moreover, it is undisputed that Lowe's did not require participation in the Give Back Time program and

7

that those who decided to participate chose their own non-profit, determined the number of hours they would volunteer, and worked under the direction of the non-profit. In addition, Appellants do not allege how Lowe's benefitted from the program, and in any event, the third-party non-profits were clearly the primary beneficiaries.

Further, the regulations note that an example of "other similar cause[s]" would be "volunteering as a first responder," "attending school activities," and "donating . . . blood." 29 C.F.R. § 778.218(d). And the Department of Labor has recently opined that "an employee's time spent participating in an employer's optional volunteer program . . . does not count as hours worked under the FLSA, so long as [the employer] does not unduly pressure its employees to participate." *U.S. Dep't of Labor Opinion Letter,* FLSA 2019-2, 2019 WL 1225928, at \*1-\*2. In the face of this authority, Appellants' bare contentions that their service was "work" was insufficient to avoid dismissal.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*